UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KEITH SEE, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO. <br>) |
| CITY OF FORT WAYNE, in its official capacity, | )<br>)<br>) |
| Defendant. | ) |

## CLASS ACTION COMPLAINT

Plaintiff, Keith See, individually and on behalf of all others similarly situated, alleges as follows against Defendant, City of Fort Wayne:

### I. NATURE OF ACTION

1. The City of Fort Wayne has an official policy of seizing and summarily destroying the unattended property of individuals who are homeless.

2. The City of Fort Wayne has conducted more than ten raids on homeless camps in the downtown and central areas of the city between December 2014 and March 2016 and, after each raid, destroyed the property of homeless individuals without providing them opportunity or procedure to reclaim the seized property, prevent its destruction, or receive any compensation for their destroyed property.

3. The seized and destroyed property includes tents, blankets, clothing, and other items critical to the safety, health, and lives of homeless individuals.

4. The City of Fort Wayne knows the property it destroys is the personal property of homeless individuals but persists in its unlawful policy.

5. Because of this, Plaintiff brings the present action to enjoin Defendant's unconstitutional, discriminatory, and unconscionable policy of seizing and destroying the property of homeless individuals without opportunity or procedure to contest or prevent its seizure or destruction.

## II. PARTIES

6. Class Plaintiff is Keith See ("Plaintiff"). Class Plaintiff is a United States citizen who is homeless and without a fixed address living in Fort Wayne, Indiana.

7. Defendant is the City of Fort Wayne ("Defendant"). Defendant has adopted and implemented the policy now in effect of seizing and destroying the unabandoned personal property of homeless individuals in the city. Defendant is named in its official capacity.

## III. JURISDICTION AND VENUE

8. This suit is brought pursuant to 42 U.S.C. § 1983.

9. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

10. This Court has the authority to enter declaratory judgment and provide preliminary and permanent injunctive relief pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202.

11. Venue is proper in this district pursuant to 28 U.S.C. §1391(b). Defendant's offices are within this district and the events and omissions that have given rise to and continue to give rise to the allegations in this action occurred and continue to occur within this district. Class Plaintiff and Class Members reside in this district.

## IV. CLASS ACTION ALLEGATIONS

12. Class Plaintiff brings this action pursuant to Federal Civil Rule of Procedure 23(a) and

(b)(2) on behalf of himself and all others similarly situated as a member of the following proposed Class:

> All individuals residing in Fort Wayne, Indiana who are homeless or without a fixed address possessing personal property that may be left temporarily unattended and subject to the seizure and destruction policy of Defendant.

13. The Class is so numerous that individual joinder of all Members is impracticable. Presently, hundreds of individuals in Fort Wayne are homeless or without a fixed address and may leave their personal property temporarily unattended and subject to Defendant's policy and practice of seizure and destruction.

14. There are questions of law and fact common to the Class. The questions of law and fact common to Class Members include but are not limited to:

    a. Whether Defendant may seize and destroy property of homeless individuals without procedure or compensation;

    b. Whether Defendant's policy of seizure and destruction violates the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution; and

    c. Whether Defendant's policy of seizure and destruction discriminatorily applied to homeless individuals violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

15. Plaintiff's claims are typical of the claims of the Class.

16. Plaintiff will fairly and adequately protect the interests of the Class. There are no conflicts between Plaintiff and Class Members. Plaintiff will vigorously prosecute this action on behalf of the Class. Plaintiff is represented by competent counsel who will vigorously

prosecute the case on behalf of the Class.

17. By instituting unconstitutional policies and refusing to correct them, Defendant has acted or refused to act on grounds that are generally applicable to the entire Class.

18. The claims asserted in this Class Action Complaint are capable of repetition while evading review.

19. There is a continuing and substantial public interest in these matters.[1]

## V.   FACTS

### A. Defendant Operates a Policy of Seizing and Destroying Homeless Individuals' Property

20. Defendant maintains a policy and practice of seizing and destroying the unattended personal property of homeless individuals in Fort Wayne, Indiana.

21. Since December 2014, Defendant, through its officers, agents, employees, and contractors, has raided encampments of homeless individuals in the downtown and central areas of Fort Wayne on at least ten occasions and seized and destroyed the unattended but unabandoned personal property of homeless individuals.

22. Defendant conducted these acts in December 2014, September 2015, December 2015, February 2016, and March 2016, among other occasions.

23. Tents, blankets, and clothing were seized and destroyed during these raids.

24. No opportunity for procedure or compensation was offered to any homeless individual

---

[1] *U.S. v. James Daniel Good Real Prop.*, 510 U.S. 43, 48 (1993) ("Our precedents establish the general rule that individuals must receive notice and an opportunity to be heard before the Government deprives them of property."); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 434 (1982) ("[T]he State may not finally destroy a property interest without first giving the putative owner an opportunity to present his claim of entitlement."); *U.S. v. Jacobsen*, 466 U.S. 109, 113 (1984) ("A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property."); *West Covina v. Perkins*, 525 U.S. 234, 240 (1999) ("It follows that when law enforcement agents seize property . . . due process requires them to take reasonable steps to give notice that the property has been taken so the owner can pursue available remedies for its return.").

whose property was seized and destroyed.

25. Defendant knew on each occasion, however, that the property seized belonged to homeless individuals and that these individuals were only temporarily absent from the site of their property.

26. From December 2014 to present, Defendant has never once conducted any such seizure or destruction of personal property when known to belong to an individual who was not homeless.

### B. Defendant Has Applied its Policy of Seizing and Destroying Property to Plaintiff

27. In March 2016, Plaintiff was living in an area of downtown Fort Wayne by the Maumee River within a homeless encampment.

28. On or about March 21, 2016, Defendant raided the encampment and seized and destroyed the personal property of homeless individuals in the encampment. Personal property seized and destroyed by Defendant at that time included Plaintiff's coat.

29. Defendant provided Plaintiff no opportunity to reclaim his coat after seizing it, no procedure to contest its destruction, and no compensation following its destruction.

30. Plaintiff remains a homeless individual in Fort Wayne, Indiana and is without procedure or recourse to prevent the further seizure and destruction of his personal property left temporarily unattended, including items critical to his safety, health, and life.

31. As a result of Defendant's unlawful acts, Plaintiff and Class Members have suffered and are at imminent and serious risk of suffering harm.

5

## VI. CLAIMS FOR RELIEF

### CLAIM I

### UNLAWFUL SEIZURE & VIOLATION OF DUE PROCESS
(4TH & 14TH AMENDMENTS TO THE U.S. CONSTUTION)

32. Based upon the facts above, Defendant under color of law and by policy, practice, or custom has violated the rights of Plaintiff and Class Members to be free from unreasonable seizure and deprivation of due process in contradiction to the Fourth and Fourteenth Amendments to the United States Constitution.

33. Unless enjoined by the Court, Defendant will continue to violate the constitutional rights of Plaintiff and Class Members.

### CLAIM II

### DENIAL OF EQUAL PROTECTION
(14TH AMENDMENT TO THE U.S. CONSTITUTION)

34. Based upon the facts above, Defendant under color of law and by policy, practice, or custom has discriminatorily violated the rights of Plaintiff and Class Members to equal protection of laws as homeless citizens of the United States in violation of the Fourteenth Amendment to the United States Constitution.

35. Unless enjoined by the Court, Defendant will continue to violate the constitutional rights of Plaintiff and Class Members.

## VII. PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court:

A. Certify the Class as defined above;

B. Declare that Defendant's policy and practice of seizure and destruction of the temporarily

unattended property of homeless individuals without procedure to reclaim the property violates the rights of Plaintiff and Class Members under the Fourth and Fourteenth Amendments to the United States Constitution;

C. Issue a preliminary and permanent injunction restraining Defendant from further violating the rights of Plaintiff and Class Members in contradiction to the United States Constitution;

D. Retain jurisdiction over Defendant until such time as the Court is satisfied Defendant's unlawful policies, practices, and customs have ceased;

E. Award Plaintiff's costs and attorneys' fees pursuant to 42 U.S.C. §1988; and

F. Grant all other just and proper relief.

Respectfully,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ David W. Frank
Christopher C. Myers, #10043-02
David W. Frank, #31615-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802-2307
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail:  dfrank@myers-law.com
Counsel for Plaintiff

DF
S:\See, Keith et al. v. City of Fort Wayne\Pleadings\03.28.2016 Class Action Complaint.docx