# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

Keith See,

    Plaintiff,

    v.

City of Fort Wayne, Indiana,

    Defendant.

Case No. 1:16-CV-105 JVB

# ORDER

The Court referred Plaintiff Keith See's motion for a preliminary injunction (DE 5) to the Honorable Susan L. Collins, United States magistrate Judge for this District, for a Report and Recommendation. After an evidentiary hearing and further briefing by the parties, Judge Collins recommended that Plaintiff's motion be granted in part and denied in part. In particular, she recommended that Defendant City of Fort Wayne, its agents, and employees, be preliminarily enjoined from doing any of the following:

1. Seizing Plaintiff's personal property during a cleanup of a homeless encampment absent an objectively reasonable belief that such property:
   - is abandoned, after the City has notified relevant community resources and posted notices at the encampment at least 72 hours in advance of the cleanup,
   - presents an immediate threat to public health or safety; or
   - is evidence of a crime, or is contraband.

2. Absent an immediate threat to public health or safety, destroying any said personal property that is seized in a cleanup of a homeless encampment without

maintaining it for a period not less than 72 hours and posting notices advising where the property is and how See may reclaim it without cost.

In all other respects, Judge Collins recommended that Plaintiff's motion for a preliminary injunction be denied.

**************

Both Plaintiff and Defendant object to these recommendations.

Plaintiff's objection is twofold. He asks that the period during which the City is required to hold property seized in a cleanup of a homeless encampment be extended from 72 hours to 90 days. In addition, he asks that the Court make an outright finding that the City's clean-up of homeless encampments is unconstitutional. Along these lines, he seems to protest that the preliminary injunction applies to him only as opposed to all homeless people in Fort Wayne.

As for the City, it objects to Judge Collins's recommendation that the notices at the homeless encampments be posted at least 72 hours ahead of clean up as opposed to 48 hours as is the City's current practice. In addition, the City objects to the recommendation that it be required to hold the seized property for a period of 72 hours instead of 24 hours as is its current practice.

Having reviewed the objections, the Court has considered this matter de novo, but it has nothing to add or take away from Judge Collins's findings and recommendations. Plaintiff's request that the City hold the seized property for a period of 90 days is unreasonable. Moreover, the request is not founded upon the evidence introduced at the evidentiary hearing. In fact, this argument was not even presented to Judge Collins.

Likewise, Plaintiff has not shown that he has an unfettered constitutional right to live in open air encampments where the City's interest in maintaining its territory from hazards or

health risks is off limits. Nor has he shown that, at this juncture, the preliminary injunction should be entered as to all homeless residents of Fort Wayne as opposed to him only.

On the other hand, while the City argues that extending the notice period to 72 hours and being required to hold the seized property for 72 hours will interfere with

its legitimate functions, the Court finds no evidence for that.

In summary, the Court accepts and adopts in their entirety Judge Collins's recommendations (DE 5) and the reasoning behind them.

SO ORDERED on March 31, 2017.

  s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE