UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

KEITH SEE, individually and on behalf of  )
all others similarly situated,             )
                                           )
      Plaintiff,                           )
                                           )
      v.                                   )   CASE NO.: 1:16-CV-105-TLS
                                           )
CITY OF FORT WAYNE, in its official capacity )
                                           )
      Defendant.                           )

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff Keith See's First Amended Motion for Class Certification [ECF No. 69]. Defendant City of Fort Wayne timely filed its Response to the Plaintiff's First Amended Motion for Class Certification [ECF No. 70]. The Plaintiff timely filed his Reply [ECF No. 71]. This matter is thus fully briefed and ripe for review.

**BACKGROUND**

This background is provided through the pleadings, class certification motions, and attached exhibits. The Plaintiff alleges that the Defendant has an official policy of seizing and summarily destroying the unattended property of homeless individuals. (First Am. Class Action Compl. ¶ 1, ECF No. 17.) More specifically, the Plaintiff alleges that the Defendant has conducted more than ten raids on camps of homeless individuals in the downtown and central areas of Fort Wayne between December 2014 and May 2016. (*Id.* ¶ 2.) After each raid, the Defendant destroyed any seized property without providing individuals an opportunity or procedure to reclaim the seized property, prevent its destruction, or receive compensation. (*Id.*)

The Plaintiff hopes to prevent these raids, and has brought this action on behalf of himself and all other similarly situated as a member in the following proposed class:

> All individuals residing in Fort Wayne, Indiana who are homeless or without a fixed address possessing personal property that may be left temporarily unattended and subject to the seizure and destruction policy of Defendant.

(*Id.* ¶ 12.)

The Plaintiff further alleges that the Defendant conducted each raid knowing that the property seized belonged to homeless individuals who were only temporarily absent from the site of their property. (*Id.* ¶ 25.) The Plaintiff further declares that the Defendant has never provided homeless individuals with an alternative location to live or store personal property not subject to the Defendant's policy. (*Id.* ¶ 27.)

The Defendant's policy negatively impacted the Plaintiff. The Plaintiff lived in a homeless encampment in downtown Fort Wayne in March 2016. (*Id.* ¶ 30.) On or about March 21, 2016, the Defendant evicted homeless individuals from the encampment and seized and destroyed these individuals' personal property, including the Plaintiff's coat. (*Id.* ¶ 31.) The Plaintiff reasonably feared further property seizure and destruction, and as such had to move from additional homeless encampments on May 3 and May 5, 2016. (*Id.* ¶¶ 36, 38.) The Defendant opposes class certification, and also highlights that the Plaintiff is no longer homeless.

## LEGAL STANDARD

If a proposed class meets all of the requirements of Federal Rule of Civil Procedure 23(a) and one of the requirements of Rule 23(b), then class certification is proper. *See* Fed. R. Civ. P. 23; *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992). Rule 23(a) is satisfied if:

> (1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)(1)–(4); *Kress v. CCA of Tenn., LLC*, 694 F.3d 890, 892–93 (7th Cir. 2012). If all of these prerequisites are met, the Court must also find that at least one of the subsections of Rule 23(b) is satisfied. The Plaintiff here aims to satisfy Rule 23(b)(2). Rule 23(b)(2) is satisfied if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]" Fed. R. Civ. P. 23(b)(2); *Chi. Teachers Union, Local No. 1 v. Bd. of Educ. of City of Chi.*, 797 F.3d 426, 441 (7th Cir. 2015).

A plaintiff who fulfills both conditions of Rule 23 is entitled to class certification. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) ("[Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action."). However, Rule 23 "does not set forth a mere pleading standard"; rather, a plaintiff "must affirmatively demonstrate his compliance with the Rule [and] be prepared to prove" its requirements. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). In deciding whether Rule 23 has been satisfied, the district court undertakes "a rigorous analysis" by making the necessary factual and legal inquiries. *Id.*; *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001). This analysis may require some overlap with the merits of the Plaintiff's underlying claim. *Dukes*, 564 U.S. at 351.

**ANALYSIS**

The Plaintiff seeks to certify a class of individuals defined as:

> All individuals residing in Fort Wayne, Indiana who are homeless or without a fixed address possessing personal property that may be left temporarily unattended and subject to the seizure and destruction policy of Defendant.

(Pl.'s First Am. Mot. for Class Certification 3.) He also seeks injunctive relief on behalf of the class. To certify the class, the Plaintiff must first satisfy the four familiar Rule 23(a) requirements: numerosity, commonality, typicality, and adequacy. Fed. R. Civ. P. 23(a)(1)–(4). The Plaintiff must also be a member of the proposed class. Fed. R. Civ. P. 23(a). The Defendant asserts that the Plaintiff's proposed class is not readily ascertainable by objective criteria; that the Plaintiff cannot establish numerosity, commonality, or typicality; and that the Plaintiff cannot seek injunctive relief on behalf of the class because he is no longer homeless.

The Court agrees that the Plaintiff has not satisfied Rule 23, even assuming that the Plaintiff has identified an ascertainable class.[1] To begin, Rule 23(a)(1) requires a class to be "so numerous that joinder of all members is impracticable." As with the other Rule 23 requirements, a plaintiff has the burden of proving that the class is so numerous that joinder is impracticable. *Valentino v. Howlett*, 528 F.2d 975, 978 (7th Cir. 1976). While an exact number is not required, a class with more than forty members will generally satisfy the numerosity requirement. *Pruitt v. City of Chi.*, 472 F.3d 925, 926–27 (7th Cir. 2006). Further, a conclusory allegation that a class is

---

[1] District courts in the Seventh Circuit have certified classes of homeless individuals. *See, e.g.*, *Beley v. City of Chi.*, No. 12 C 9714, 2015 WL 8153377, at *6 (N.D. Ill. Dec. 7, 2015) (certifying class of "[a]ll persons who attempted to register under the Illinois Sex Offender Registration Act with the City of Chicago from December 6, 2010[,] to the date of entry of judgment and who were not permitted to register because they were homeless."); *Love v. City of Chi.*, No. 96 C 396, 1997 WL 120041, at *6 (N.D. Ill. Mar. 11, 1997) (certifying class "defined as those homeless persons who have had their personal belongings seized and destroyed by the City of Chicago [within a bounded geographic area colloquially known as Lower Wacker]."). While the Court does not foresee an issue with the ascertainability of the class as proposed by the Plaintiff, the Court withholds a determination on the issue given other deficiencies in class certification explained in this Opinion and Order.

4

so numerous to make joinder impractical does not satisfy Rule 23(a)(3). *Valentino*, 528 F.2d at 978. In this case, the Plaintiff makes conclusory allegations that "potentially hundreds, if not thousands, of individuals are affected by Defendant's policy as reflected in the record in this case and their precise identities can be found upon further discovering [sic] in this case." (First Am. Mot. for Class Certification 4.) This is the Plaintiff's lone allegation, unaccompanied by any evidentiary support, to show numerosity. The Plaintiff has the burden to satisfy the requirements in Rule 23 by a preponderance of the evidence, see *Messner v. Northshore Univ. Healthsys.*, 669 F.3d 802, 811 (7th Cir. 2012), but here the Plaintiff has not demonstrated how the record reflects that the number of individuals affected by the Defendant's alleged policy is so numerous as to make joinder impracticable. On the present record, the Court cannot determine whether joinder of all members of the class is impracticable. Therefore, the Plaintiff has not satisfied Rule 23(a)(1).

There are other deficiencies in the Plaintiff's Motion. For example, the Defendant in its Response argues that the Plaintiff is no longer homeless, and therefore no longer a member of the proposed class. This fact presents several issues under both the adequacy requirement in Rule 23(a)(4) and potentially under Article III. *See* 7A Fed. Prac. & Proc. Civ. § 1761 (3d ed.) ("Once the court ascertains that a class exists, it then must determine whether the named representative party is a member of the class that party purports to represent. . . . The decisions interpreting and applying this requirement are not uniform in the way they articulate the issue."). Further, in its Response the Defendant briefly mentions that the Plaintiff lacks standing and appears to suggest that this controversy may be moot because the Plaintiff is no longer homeless. If the Defendant wishes to challenge jurisdiction, it may file a more detailed motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).

While the Plaintiff's First Amended Motion for Class Certification has defects, these defects may be remedied. As such, the Plaintiff may file a second amended motion for class certification that more precisely addresses the requirements under Rule 23, rather than stating in conclusory terms that the requirements are satisfied.

## CONCLUSION

Accordingly, the Court DENIES, WITH LEAVE TO REFILE, the Plaintiff's First Amended Motion for Class Certification [ECF No. 69].

SO ORDERED on May 10, 2018.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT